UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-73-F

| | |
|---|---|
| JEFFERY TRUEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS (VA) WILMINGTON ) | |
| NORTH CAROLINA OUTPATIENT ) | |
| CLINIC (WVAOPC) and PHYSICIAN ) | |
| ASSISTANT SHARON F. TROYON ) | |
| and WVAOPOC PRACTICE ) | |
| MANAGER CHARLES E. BEST, JR., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Motion to Amend Original Complaint [DE-16] filed by the pro se Plaintiff Jeffrey Trueman ("Plaintiff" or "Trueman"), the Motion for Extension of Time to File Responsive Pleading [DE-18] filed by Defendant the United States of America, and a "Petition for Preliminary Injunctive (PI) Relief Under the Deasy-Precedent (DP) in the Interest of the Public Trust & Veteran's Health & Well-Being From Continued Medical Neglect, Abandonment, and Malpractice Since the Filing of the Original Complaint" [DE-26] filed by Plaintiff. For the reasons stated herein, Plaintiff's Motion to Amend is ALLOWED, Defendant United States' Motion for Extension of Time is ALLOWED, and Plaintiff's Petition is DENIED WITHOUT PREJUDICE to renew.

## I. PROCEDURAL HISTORY

On March 27, 2012, proceeding pro se, Plaintiff Jeffery Trueman ("Trueman" or "Plaintiff") filed an application to proceed *in forma pauperis* [DE-1]. In an order filed on March 29, 2012 [DE-

3], United States Magistrate Judge William A. Webb allowed Plaintiff's application and directed the Clerk of Court to file the Complaint [DE-4]. On April 17, 2012, Plaintiff filed a "Notice of Motion of Motion for Expedited Hearing to Restore the Plaintiff's Feres Doctrine Mandated (FDM) Pain Management Program (PMP) and Successful Treatment Plan to its Previous Status Prior to the Involvement of Defendant Physician Assistant Troyon" [DE-9].

In the Original Complaint, Plaintiff alleges he served in the United States Navy from 1982 until his honorable discharge in 1994. Compl. [DE-4] ¶¶ 1, 3. He receives medical care from the Department of Veterans Affairs ("VA"). In 2006, during his treatment by the VA, he received a recommendation for a "Pain Management Program" which included both acupuncture treatment and daily prescribed pain medication. Compl. ¶¶ 3; 21. On February 28, 2012, Plaintiff met with Defendant Sharon F. Troyon, his new primary care provider and a physician assistant with the VA. Plaintiff alleges Troyon did not authorize acupuncture treatment, and instructed Plaintiff to wean off his pain medication within a five-day period. Compl. ¶¶ 23-24. He alleges Troyon "has a dislike in prescribing pain medication to Veterans" and that he has since been "abandoned" by the VA. Compl. ¶ 3. He asserts claims under the Federal Tort Claims Act ("FTCA") alleging, *inter alia*, medical malpractice.

On April 17, 2012, Plaintiff filed a "Notice of Motion & Motion for Expedited Hearing to Restore the Plaintiff's Feres Doctrine Mandated (FDM) Pain Management Program (PMP) and Successful Treatment Plan to its Previous Status Prior to the Involvement of Defendant Physician Assistant Troyon" [DE-9]. Therein, Plaintiff requested an expedited hearing and sought declaratory and injunctive relief. Specifically, he sought "a declaration that the medically unsound termination of his 'Pain Management Program (PMP)' by Defendant [Troyon] was arbitrary, premature, and medically ill-advised due to the totality of his . . ." health history. Notice [DE-4] at p.2. He asked

2

the court to, *inter alia*, order Defendants to reinstate his previous Pain Management Program, including prescriptions for pain medication. *Id.* He asserted that he will run out of his pain medication, hydrocodone, on or before April 18, or 20, 2012, and that his cessation of taking hydrocodone "will present real danger to his abstinence from alcohol" and will aggravate his various mental and physical health issues. Notice [DE-4] at p. 4.

In an Order filed on April 24, 2012, the court construed the Notice [DE-4] to be both a motion for a temporary restraining order and a motion for preliminary injunction. The court denied Plaintiff's request for a temporary restraining order and/or preliminary injunction, finding that Plaintiff had failed to meet his burden of proof. Specifically, the court noted that it may grant a temporary restraining order or a preliminary injunction only if the moving party demonstrates that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and that Plaintiff had not established these requirements. *See* April 24, 2012 Order [DE-12].

On May 8, 2012, Plaintiff filed the Motion to Amend Original Complaint [DE-16]. Defendant the United States filed a response [DE-17] to the Motion to Amend, wherein Defendant takes no position on the filing of an Amended Complaint, but objects to Plaintiff's suggestion that the court rule on whether any claims asserted in the unseen Amended Complaint "relate back" to other claims or toll prior claims asserted by Plaintiff under the FTCA. Defendant also filed a Motion for Extension of Time to File Responsive Pleadings [DE-18] seeking sixty days to file a response to the Original Complaint, or if the court allows Plaintiff to file an Amended Complaint, sixty days to file a responsive pleading to the Amended Complaint.

Subsequently, Plaintiff has sent other communications to the court wherein he attempts to

3

provide further support for the filing of an amended complaint [DE-23; DE-25]. In the latter communication, Plaintiff states that he anticipates to have an amended complaint "fully complete and filed by early January 2013." [DE-25] at p. 6.

On December 14, 2012, Plaintiff filed the Petition for Preliminary Injunction [DE-26], wherein the Plaintiff asks the court to, *inter alia*, compel the Department of Veterans Affairs "to fee base all the [Plaintiff's] medical care for civilian outpatient treatment in the interest of justice." Petition for Preliminary Injunction [DE-26] at p. 10. Defendant the United States opposes the motion for a variety of reasons [DE-27].

## II. ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, FED. R.CIV.P. 15(a)(1)(A), or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FED R.CIV.P. 15(a)(1)(B). Here, Defendants have yet to file a responsive pleading to the Original Complaint, so Plaintiff is free to file an amended complaint. His Motion [DE-16] is therefore ALLOWED, as indeed, he does not need court approval to file an amended complaint. **This order does not, however, constitute a ruling on issues relating to "relation back" or tolling of any claims.**

Given the length of time that the Motion [DE-16] has been pending, and Plaintiff's repeated assertions that he intends to file an amended complaint, the court finds it necessary to set a date certain for Plaintiff to file any such amended complaint. Accordingly, Plaintiff shall file his amended complaint–if he chooses to file one at all–**on or before February 11, 2013.** Defendant's

4

Motion for Extension of Time is ALLOWED, and Defendant shall file a responsive pleading within sixty (60) days of February 11, 2013, or when Plaintiff files an Amended Complaint, whichever is earlier.

Finally, as this court has previously noted, a court may grant a temporary restraining order or a preliminary injunction only if the moving party demonstrates, *inter alia*, that he is likely to succeed on the merits. Given that Plaintiff has yet to file his intended amended complaint, the court cannot make that assessment. Accordingly, Plaintiff's Petition for Preliminary Injunction [DE-26] is DENIED WITHOUT PREJUDICE to refile after Plaintiff files an amended complaint, or if Plaintiff chooses not to file an amended complaint, after February 11, 2013.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Amend [DE-16] is ALLOWED, and Plaintiff shall file an amended complaint on or before February 11, 2013. Defendant United States' Motion for Extension of Time [DE-18] is ALLOWED, and Defendant United States shall file a responsive pleading within sixty (60) days of February 11, 2013, or when Plaintiff files an Amended Complaint, whichever is earlier. Finally, Plaintiff's Petition [DE-26] is DENIED WITHOUT PREJUDICE to refile after Plaintiff files an amended complaint, or if Plaintiff chooses not to file an amended complaint, after February 11, 2013.

Further, Plaintiff is reminded that all pleadings and motions filed with the court must comply with Local Civil Rule 10.1, which provides, in pertinent part that such documents "be doubled-spaced on single-sided, standard letter size (8 ½ x 11) paper, with all typed matter appearing in at least 11 point font size with a one-inch margin on all sides." Local Civil Rule 10.1(a).

5

SO ORDERED. This 22d day of January, 2013.

                                                *James C. Fox*
                                                JAMES C. FOX
                                                Senior United States District Judge