UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-73-F

| | |
|---|---|
| JEFFREY A. TRUEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Defendant United States' Motion to Dismiss Amended Complaint for Violation of Rule 8 or, in the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e), and Motion to Stay Responsive Pleading Until After Entry of Intelligible Second Amended Complaint [DE-33]. For the reasons stated herein, the Motion [DE-33] is ALLOWED in part.

## I. PROCEDURAL HISTORY

On March 27, 2012, proceeding pro se, Plaintiff Jeffery Trueman ("Trueman" or "Plaintiff") filed an application to proceed *in forma pauperis* [DE-1]. In an order filed on March 29, 2012 [DE-3], United States Magistrate Judge William A. Webb allowed Plaintiff's application and directed the Clerk of Court to file the Complaint [DE-4]. On April 17, 2012, Plaintiff filed a "Notice of Motion of Motion for Expedited Hearing to Restore the Plaintiff's Feres Doctrine Mandated (FDM) Pain Management Program (PMP) and Successful Treatment Plan to its Previous Status Prior to the Involvement of Defendant Physician Assistant Troyon" [DE-9].

In the Original Complaint, Plaintiff alleged he served in the United States Navy from 1982 until his honorable discharge in 1994. Compl. [DE-4] ¶¶ 1, 3. He receives medical care from the

Department of Veterans Affairs ("VA"). In 2006, during his treatment by the VA, he received a recommendation for a "Pain Management Program" which included both acupuncture treatment and daily prescribed pain medication. Compl. ¶¶ 3; 21. On February 28, 2012, Plaintiff met with Defendant Sharon F. Troyon, his new primary care provider and a physician assistant with the VA. Plaintiff alleges Troyon did not authorize acupuncture treatment, and instructed Plaintiff to wean off his pain medication within a five-day period. Compl. ¶¶ 23-24. He alleged Troyon "has a dislike in prescribing pain medication to Veterans" and that he has since been "abandoned" by the VA. Compl. ¶ 3. He asserted claims under the Federal Tort Claims Act ("FTCA") alleging, *inter alia*, medical malpractice, and named the following as Defendants: "United States of America, Department of Veterans Affairs (VA) Wilmington North Carolina Outpatient Clinic (WVAOPC), and Physician Assistant Sharon F. Tryon and WVAOPC Practice Manager Charles E. Best, Jr." Compl. (Caption).

On April 17, 2012, Plaintiff filed a "Notice of Motion & Motion for Expedited Hearing to Restore the Plaintiff's Feres Doctrine Mandated (FDM) Pain Management Program (PMP) and Successful Treatment Plan to its Previous Status Prior to the Involvement of Defendant Physician Assistant Troyon" [DE-9]. Therein, Plaintiff requested an expedited hearing and sought declaratory and injunctive relief. Specifically, he sought "a declaration that the medically unsound termination of his 'Pain Management Program (PMP)' by Defendant [Troyon] was arbitrary, premature, and medically ill-advised due to the totality of his . . ." health history. Notice [DE-4] at p.2. He asked the court to, *inter alia*, order Defendants to reinstate his previous Pain Management Program, including prescriptions for pain medication. *Id.* He asserted that he will run out of his pain medication, hydrocodone, on or before April 18, or 20, 2012, and that his cessation of taking hydrocodone "will present real danger to his abstinence from alcohol" and will aggravate his various

2

mental and physical health issues. Notice [DE-4] at p. 4.

In an Order filed on April 24, 2012, the court construed the Notice [DE-4] to be both a motion for a temporary restraining order and a motion for preliminary injunction. The court denied Plaintiff's request for a temporary restraining order and/or preliminary injunction, finding that Plaintiff had failed to meet his burden of proof. Specifically, the court noted that it may grant a temporary restraining order or a preliminary injunction only if the moving party demonstrates that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and that Plaintiff had not established these requirements. *See* April 24, 2012 Order [DE-12].

On May 8, 2012, Plaintiff filed a Motion to Amend Original Complaint [DE-16]. Defendant the United States filed a response [DE-17] to the Motion to Amend, wherein the United States took no position on the filing of an Amended Complaint, but objected to Plaintiff's suggestion that the court rule on whether any claims asserted in the unseen Amended Complaint "relate back" to other claims or toll prior claims asserted by Plaintiff under the FTCA. Defendant also filed a Motion for Extension of Time to File Responsive Pleadings [DE-18] seeking sixty days to file a response to the Original Complaint, or if the court allowed Plaintiff to file an Amended Complaint, sixty days to file a responsive pleading to the Amended Complaint. Thereafter, on December 14, 2012, Plaintiff filed the Petition for Preliminary Injunction [DE-26], wherein the Plaintiff asked the court to, *inter alia*, compel the Department of Veterans Affairs "to fee base all the [Plaintiff's] medical care for civilian outpatient treatment in the interest of justice." Petition for Preliminary Injunction [DE-26] at p. 10. Defendant the United States opposed the motion for a variety of reasons [DE-27].

In an Order filed on January 22, 2013 [DE-29], the undersigned allowed Plaintiff's Motion

3

to Amend the Complaint [DE-16], noting that Plaintiff did not need court approval to file an amended complaint. The court specifically noted, however, that it was not ruling on issues relating to "relation back" or tolling of any claims. The court ordered that Plaintiff was to file his amended complaint on or before February 11, 2013. The court also ordered that the Defendant United States was to file a responsive pleading within sixty (60) days of February 11, 2013, or when Plaintiff filed the Amended Complaint, whichever was earlier.

Plaintiff filed the Amended Complaint on February 8, 2013 [DE-30]. Plaintiff specifically titles the Amended Complaint as follows:

> First Amended Complaint (AC) for Declaratory, Injunctive, and Damage Relief under the Feres Doctrine Rule of Law (FD-ROL)–Incident to Military Service (ITMS)–No-Fault/Non-Adversarial (NFNA)–Second Rationale (SR)(FD-ROL-ITMS-NFNA-SR) Holding of the Supreme Court of the United States of America (SCOUS) on December 4, 1950 & the Difiance [sic] of Defendant Department of Veterans Affairs (DVA) to Honor the SCOUS–FD-ROL-NFNA-SR Mandate (FDM)(1950) Giving Rise to the Violations of Plaintiff's Federal Due Process and Property Rights Under the Laws of DVA-Compensation & Pension (C&P) Statutory System and for Other Purposes in the Interest of Substantial Justice Under the FD-ROL Exemption to the United States Constitution (U.S. Const.) (1789), Bill of Rights (BORs)(1791), and Federal Tort Claims Act (FTCA (1946).

Amended Compl. [DE-30]. He names the following as Defendants:

> 12. Defendant United States of America (USA), and its subordinate agency, agents, officials of the DVA–Washington, D.C., and the DVA-North Carolina led and administered by Barack H. Obama II, current President of the United States and his Secretary of DVA Eric Shineski.
> 13. Defendant Peebles MD, Baton Rouge VAOPC, Baton Rouge, LA (VAOPC-BRLA).
> 14. Defendant Psychiatrist Bobby Simpson, VAOPC–BRLA.
> 15. Defendant Psychiatrist Kay Young, DVA Medical Center, White City, OR.
> 16. Defendant Meena Gulati MD., DVA Medical Center, Atlanta, GA (VAMC-ALTGA).
> 17. Defendant Psychiatrist Hsu, VAMC-ALTGA-VAOPC East Point, GA.
> 18. Defendant Nurse Practitioner Wendy Thornton, DVAOPC Macon, GA.
> 19. Defendant VA Medical Center Fayetteville, NC (VAMC-FNC) Director Elizabeth Goolsby.
> 20. Defendant Nurse Practitioner Yee Simmons, VAMC-FNC.

4

21. Defendant Sharon F. Troyon, physician assistant and employee of Defendant VA-Outpatient Clinic, Wilmington, NC (VAOPC-WNC).
22. Defendant Charles E. Best, Jr., DVA provider manager, VAOPC-WNC.
23. Defendant Warren V. Hsu MD., VAOPC-WNC.
24. Unknown Defendant VAMCFNC IRIS Manger [sic], VAMC-FNC.
25. Unknown DVA Patient Advocate Manger [sic], VAMC-FNC.
26. Unknown DVA Freedom of Information/Privacy Act (FOIA/PA) Officer, VAMC-FNC.
27. Defendant Bharatkumar Thakkar, MD, VAMC-FNC.
28. Defendant VAMC Salem Virginia Fee Base Manager.
29. Defendant VA–Office on Inspector General (VAIG) Hotline, Washington, D>C.
30. Defendant Steve [Last Name Unknown (LNU)], Front Desk Cler, W-VAOPC.
31. Unknown Supervisor, VA Mid-Atlantic Health (VISN 6) 300 W. Morgan St. Suite 700 Durham, NC 27701.
32. Defendant K. Pfanzelter, Manager, VA Benefits Administration (VBA) Regional Office (VARO), Winston-Salem, NC (VBA?RO-WS).

Amended Compl. [DE-30]. The Amended Complaint alleges ten causes of action.

The same day Plaintiff filed the Amended Complaint, he also filed an "Acknowledgement of Service" [DE-32], wherein he asserts that he

> properly served Defendants USA, et al., the attached documents:
> 1. Plaintiff's First Amended Complaint & Certification dated February 7, 2013;
> 2. Motion to Correct Caption of Case and Plaintiff's home address;
> 3. Request for Waiver of Service under the provisions of Fed.R.Civ.P. 4(d) and self-addressed stamped envelope for return of waiver . . .

by mailing the aforementioned documents to the United States Attorney for the Eastern District of North Carolina.

On March 1, 2013, Defendant United States filed the instant Motion to Dismiss Amended Complaint for Violation of Rule 8 or, in the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e), and Motion to Stay Responsive Pleading Until After Entry of Intelligible Second Amended Complaint [DE-33]. In the memorandum in support of the motion [DE-34], counsel states that she is appearing on behalf of the United States and entering a limited appearance on behalf of all of the individual Defendants for the purposes of the instant motion. Counsel also

5

states her views that certain parties have not been served properly and explains why the United States Attorney cannot waive service for any of the individual Defendants. Counsel also states that she believes personal jurisdiction is lacking over certain individual Defendants and that the statute of limitations has run on certain claims in the Amended Complaint.[1] Finally, Defendants address why Plaintiff's Amended Complaint should be dismissed for violation of Rule 8(a).

Plaintiff filed a Response [DE-35], arguing why the Amended Complaint should not be dismissed and why he should not be required to provide a more definite statement. Within the response, Plaintiff additionally states that he voluntarily withdraws claims against certain defendants, and states that "[h]enceforth, the focus on the amended complaint will be consolidate to the February 28, 2012, defendant Troyon malpractice and subsequent wrongful acts, omissions, and misconduct in addition to the ***Feres Mandate*** subject matter." Resp. [DE-35] ¶ 5. Defendants promptly filed a Reply [DE-36], again explaining why the United States could not waive service for various Defendants, disputing Plaintiff's response, and asking the court to enter an order confirming Plaintiff's voluntarily dismissal of certain defendants and claims. Against this backdrop, the court will consider the ripe motions.

## II. ANALYSIS

Defendants move to dismiss Plaintiff's Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of the

---

[1] None of the Defendants, however, make any motion regarding the aforementioned observations, and the court accordingly makes no ruling with regard to personal jurisdiction, proper party defendants, waiver of service, statutes of limitations, or any other issue suggested by defense counsel's observations.

6

complaint is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "At its core, [Rule 8's] requirement is the most natural embodiment of the 'notice pleading' standard established by the Rules." *Knox v. Davis*, No. 5:11-CT-3266-F, 2012 WL 2116501, at * 2 (E.D.N.C. June 11, 2012) (citing *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). "Rule 8 is not merely a toothless preference, guideline, or ideal; it establishes a fundamental requirement and is regularly enforced by the court." *Id.* Its violation is grounds for dismissal of a complaint. *See, e.g., Sewarz v. Long*, 407 F. App'x 718, 718-19 (4th Cir. 2011) (unpublished); *North Carolina v. McGuirt*, 114 F. App'x 555, 558 (4th Cir. 2004) (unpublished).

In this case, the United States asserts it is unable to meet its own obligations under Rule 8 in crafting an answer to the Amended Complaint because of Plaintiff's prolific use of acronyms throughout the Amended Complaint. Defendant United States notes that the acronyms are almost entirely non-standard and made up Plaintiff, and in essence constitute a cryptic code. By way of example, Defendant United States notes that the first three pages of the 70-page Amended Complaint contains 169 acronyms. In opposition, Plaintiff argues that he has a fundamental constitutional right to be heard in this court, and in order for that right to be satisfied, all his abbreviations and acronyms must remain "as is" in the Amended Complaint. He asserts that this case presents issues of first impression, and that upon its conclusion new legal terminology will be introduced. He contends that the Motion to Dismiss his complaint is an attempt to strike his legal theories, and the burden of "re-word[ing] bona fide abbreviations . . . will gravely injure and prejudice" him. Resp. [DE-35] ¶ 4. With regard to this motion, Plaintiff is mistaken in his arguments.

7

The court has reviewed the Amended Complaint, and it too has difficulty parsing through the various acronyms and abbreviations. To be sure, acronyms and abbreviations often serve a useful purpose in legal writing and pleadings by simplifying and streamlining material. In this case, however, Plaintiff's use of acronyms do not simplify things for the reader of his pleadings; instead, it renders his Amended Complaint a veritable alphabet soup that obscures the legal theories he attempts to assert. Whether, as Plaintiff argues, some of these acronyms have been used by other courts or administrative agencies is besides the point. Plaintiff's prolific use of acronyms *in this case*–both standard and non-standard–has rendered the Amended Complaint indecipherable. *See Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 377 (7th Cir. 2003) (affirming a district court's dismissal of complaint for violation of Rule 8(a) where the plaintiff's pleadings were "so long, so disorganized, so laden with cross-references and baffling acronyms, that they could not alert either the district judge or the defendants to the principal contested matters").

The court, however, is mindful that outright dismissal of *pro se* complaints is not favored where the defects in the complaint may be curable through amendment. *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009). Accordingly, the court will allow Plaintiff to file a second amended complaint, with all words written in plain English, within twenty-one (21) days of the filing date of this Order. The court agrees with the Defendant United States that this is not a burdensome task, and Plaintiff's assertions of grave injury and prejudice are misplaced. Moreover, Plaintiff's assertion that such a directive violates his constitutional right to be heard is unfounded. **Plaintiff is warned that his failure to file an amended pleading within the twenty-one (21) days will result in the dismissal of this action.**

Given that Plaintiff has the opportunity to file an amended pleading setting forth the exact

8

claims he alleges, the court declines to make any ruling on which claims and defendants remain in this action after Plaintiff's statement that he "withdraws" certain party defendants. **Plaintiff is instead instructed to ensure that the amended complaint he files reflects the claims he currently is pursuing in this action**.

Accordingly, Defendant's alternative request for a more definite statement is DENIED as moot. Defendant's request for an extension of time is ALLOWED in part, and Defendants shall file a responsive pleading within forty-five (45) days of when Plaintiff files an amended complaint.

### III. CONCLUSION

For the foregoing reasons, the Defendant United States' Motion to Dismiss Amended Complaint for Violation of Rule 8 or, in the Alternative, Motion for More Definite Statement Pursuant to Rule 12(e), and Motion to Stay Responsive Pleading Until After Entry of Intelligible Second Amended Complaint [DE-33] is ALLOWED in part. It is ORDERED that Plaintiff shall file an amended complaint with all words written in plain English, within twenty-one (21) days of the filing date of this Order. **Plaintiff is instructed to ensure that the amended complaint he files reflects the claims he currently is pursuing in this action. Plaintiff is warned that his failure to file an amended pleading within the twenty-one (21) days will result in the dismissal of this action.** It is FURTHER ORDERED that Defendants shall file a responsive pleading within forty-five (45) days of when Plaintiff files an amended complaint.

SO ORDERED. This _17_ day of June, 2013.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge