UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-73-F

| | | |
|---|---|---|
| JEFFREY A. TRUEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the *pro se* Plaintiff's Motion for Temporary Restraining Order ("TRO"). Therein, Plaintiff asserts that on September 4, 2013, he was approached by a Special Agent with the Department of Veterans Affairs, who allegedly informed Plaintiff that he "committed fraud by filing for 'Improved Pension' in 2005 and that an 'indictment' was coming [Plaintiff's] way because [he] play[s] baseball once or twice a week." Mot. for TRO [DE-47] p. 2. Plaintiff asks the court to "issue a restraining order preventing Defendant Obama and his DOJ and DVA from bringing a malicious prosecution against me while this case is pending before the Court." *Id.* p. 6.

Even assuming that it is proper for Plaintiff to seek this relief in this action, as opposed to filing a separate action, the court is nevertheless without the authority to award it. Generally, "there is no free-ranging jurisdiction on the part of courts to enjoin criminal prosecutions." *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 183 (3d Cir. 2006). Rather, federal courts generally only have found that a party will suffer irreparable harm[1] and acted to enjoin pending criminal actions where

---

[1] The court can issue a temporary restraining order only if the moving party demonstrates that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter*

the enforcement of a statute will involve the chilling of First Amendment rights. *See Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (collecting cases). Furthermore, federal courts generally only will take such action where there is proven harassment or prosecutions taken in bad faith without hope of obtaining a valid conviction. *See Dombrowski v. Pfister*, 380 U.S. 479, 486-87 (1965) (enjoining a state-court prosecution of civil right activists where there were repeated prosecutions initiated by state officials solely for the purpose of harassment without the opportunity to raise the claims in state court because of the unavailability or bias of the state judiciary). In this case, although Plaintiff appears to be arguing that the alleged investigation into his pension and any resulting indictment is retaliation for exercising his First Amendment right to complain about the Department of Veterans Affairs' treatment of him and other veterans, he has not demonstrated that he has been subjected to repeated arrests or prosecutions, or that any actions have been taken in bad faith.

More importantly, Plaintiff may raise any relevant defenses in the federal criminal proceeding itself. As the D.C. Circuit Court of Appeals has observed:

> In no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment. Of course, a federal prosecutor brings cases only in federal court, thereby affording defendants, after indictment, a federal forum in which to assert their defenses–including those based on the Constitution. Because these defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors.

*Deaver*, 822 F.2d at 76 (footnote omitted); *see also Huntress v. United States Dep't of Justice*, No. 12-CV-11468, 2013 WL 2297076, at *6 (W.D.N.Y. May 24, 2013) ("[I]n line with the great weight of authority, this Court finds that the threat of future prosecution is insufficient grounds on which to grant an injunction."). Thus, the court does not find that Plaintiff has demonstrated that he will

---

*v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

be subject to irreparable harm.

Accordingly, Plaintiff's Motion for TRO [DE-47] is DENIED.

SO ORDERED. This __17th__ day of September, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3