UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-73-F

| | |
|---|---|
| JEFFERY A. TRUEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Emergency Motion to Prevent Unlawful Termination of Plaintiff's Improved Pension (IP) Benefits [DE-57].

This order presumes some familiarity with the factual background and procedural history of this action. Of importance, in order filed on March 17, 2014 [DE-56], the court explained that it lacked jurisdiction to hear claims that are, in substance, nothing more than a challenge to veteran benefits determinations. *See* March 17, 2014, Order [DE-56] pp. 20-23. The court also considered Plaintiff's motion to amend his complaint. Specifically, Plaintiff sought to amend his complaint to allege that his First Amendment rights were violated by an interaction he had with an agent of the Department of Veterans Affairs during which Plaintiff was allegedly informed that an indictment was coming his way. Plaintiff also suggested that the fact that he received notice that the VA may terminate his improved pension financial benefits may further support his First Amendment claim. The court allowed the motion for leave to amend, at least as to the alleged threat regarding the criminal indictment. *Id.* p. 23. As to his allegations regarding the termination of his benefits, the court stated: "For the reasons already discussed, this court does not have jurisdiction over claims challenging veterans benefits determinations, even if Plaintiff alleges that a constitutional right was

violated in the course of making the determination." *Id.*

In his latest motion, Plaintiff states that he has received notice that the VA is in fact terminating his improved pension benefits on the basis of fraud. He asserts that the court's previous order "clearly granted me the right to amend the Second Amended Complaint to incorporate a First Amendment retaliation claim based" on the threatened termination of benefits, and he asks that the court "order [the VA] to withdraw [the] unfavorable personnel action and threat to my life." Emergency Motion [DE-57] pp. 1-2.

The court can issue a temporary restraining order only if the moving party demonstrates that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff cannot show that he is likely to succeed on the merits. As this court already has stated, ***it does not have jurisdiction to hear challenges to individual veterans benefits determinations***.[1] Plaintiff's allegations regarding the termination of his improved pension benefits are, quite simply, a challenge to his benefits determination. Moreover, to the extent that Plaintiff relies on his constitutional challenge to 38 U.S.C. § 511 to support his request for emergency injuctive relief, the court does not find that he has shown a likelihood of success on the merits. Plaintiff's Motion [DE-56] is therefore DENIED.

SO ORDERED. This 31 day of March, 2014.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[1] Accordingly, Plaintiff's observation that the court "clearly granted" him the right to file First Amendment claim based on the termination of his benefits is incorrect. The court only allowed him to attempt to assert a First Amendment claim on the basis of the alleged threatened prosecution.

2